## HIGH v. STAINBACK.

1. In trover for slaves by trustee for the benefit of an infant, the uncle of the infant is a competent witness.
2. If a father sends slaves to his son-in-law shortly after his marriage, and has said that he has given them to him, his declarations made afterwards that he has not given but only lent them, are not admissible evidence.

THIS was an action of trover in the Circuit Court of Morgan county by Stainback v. High, for three negro slaves which he claimed under the will of Samuel Lyle, bequeathing to him in trust for the use of Mary High, daughter of testator, and wife of defendant, for her life, and after her death to her heirs.

On the trial, the plaintiff offered Thomas and Peyton Lyle as witnesses. They were brothers of Mary High, who had died, leaving but one child, Henry A. High. Defendant proved that plaintiff had been heard to say that he was not to pay the costs of this suit if he lost it, as he had somebody between him and danger, and the witness proving this, understood that the plaintiff meant Thomas and Peyton Lyle. The defendant objected to the competency of these witnesses, because they had promised to

pay the costs, and because if plaintiff recovered they would be entitled to the property on the death of Henry A. High, the present *cestui que trust.* The Court over-ruled the objection, to which the defendant excepted, &c. The defendant proved that he and Mary High, were married in February, 1821, when he settled himself, and the negroes mentioned in the bequest to the plaintiff were then or shortly afterwards sent home to him; and that the testator Samuel Lyle, after the marriage said, that he had given the defendant five negroes, the same number which was mentioned in the bequest. The plaintiff offered evidence that said Samuel Lyle at other times had said, that he had not given, but had lent the negroes sent home with the defendant. The defendant objected to this testimony, and the objection was overruled. To which the defendant excepted. High assigned here the matters of the several bills of exceptions as errors.

JANUARY 1827.<br>High<br>v.<br>Stainback.

KELLY and HUTCHINSON, for plaintiff.

CLAY and M'CLUNG, for defendant in error.

JUDGE GAYLE delivered the opinion of the Court.

NEITHER of the objections to the competency of Thomas and Peyton Lyle as witnesses, should have been sustained. The understanding or impressions of the witness who proved what the plaintiff in the action had said, ought not to have been received as testimony, and the testimony as given, did not prove that there was any liability of these two witnesses for the costs of the suit.

As to their interest in the slaves, it was too remote and contingent, to render it probable that it would ever vest. If this objection were good, relationship in any degree whatever, would render a witness incompetent.

As to the second bill of exceptions, it appears that the defendant having proved a gift to him by the declarations of the testator, the plaintiff was permitted to give in evidence other declarations of the testator, and at other times, that he had not given, but had merely lent the slaves. When the right to property is conveyed, it cannot be re-vested by any thing which the party from whom it has passed may afterwards say, and any such declarations ought to be rejected. The Court are unanimously of opinion, that on this point the judgement must be reversed, and the cause be remanded.